UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 8:97-cr-170-11 |
| | ) | |
| v. | ) | |
| | ) | |
| Samuel Leonard Brown, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on the defendant's request that the court reimpose his original sentence rather than his amended sentence. For the reasons stated herein, this court denies the defendant's request.

Defendant brings this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

On December 11, 1997, the court sentenced the defendant to 151 months for pleading guilty to violations of 18 U.S.C. § § 841(a) (1) & 846, a sentence within the guidelines range. However, on December 18, 1997, the court re-sentenced the defendant to 240 months—the statutory minimum under 21 U.S.C. § 841(b)(1)(A) for a defendant who violates 21 U.S.C. § 841(a)(1) after a prior conviction for a felony drug offense has become final.

Because of the recent amendments to the cocaine base guidelines in the United States Sentencing Guidelines (the Guidelines), a Federal Public Defender mailed the defendant a letter informing the defendant that he would not be eligible for a two-level reduction because his guideline range was well below the mandatory minimum sentence that the court imposed. This letter appears to be the catalyst of the defendant's immediate request. Defendant asks this court to reimpose his December 11, 1997 sentence of 151 months, so that he can qualify for the two level reduction.

Defendant argues that his original sentence should be reimposed because at his December 18, 1997 sentencing the court expressed disagreement with the 21 U.S.C. § 841 enhancement but applied it because the court considered it mandatory. Defendant now asks that, since *Booker v. United States*, 543 U.S. 220 (2005), made the guidelines advisory, perhaps the court would like to reimpose the defendant's original sentence of 151 months. The court is without authority to grant the defendant's request.

*Booker* made the *Guidelines* advisory; it did not make statutes advisory. Here, the defendant's sentence was enhanced by statute, not by the guidelines. Therefore, the holding in *Booker* is inapposite to statutory enhancement the court applied to the defendant's sentence. Regardless of this court's subjective views of the prudence of certain statutory minimums, this court must follow the statutes that Congress enacts. For these reasons, this court denies the defendant's motion to alter his sentence.

IT IS THEREFORE SO ORDERED THAT the defendant's motion be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 5, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**