UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 8:97-cr-00170-GRA-11 |
| | ) | |
| v. | ) | |
| | ) | |
| Samuel Brown , | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### 18 U.S.C. § 3582(c)(2) Order for Sentence Reduction

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

### Background

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

**Discussion**

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

On December 11, 1997, the court sentenced the defendant to 151 months for pleading guilty to violations of 18 U.S.C. § § 841(a) (1) & 846, a sentence within the guidelines range. However, on December 18, 1997, the court re-sentenced the defendant to 240 months—the statutory minimum under 21 U.S.C. § 841(b)(1)(A) for a defendant who violates 21 U.S.C. § 841(a)(1) after a prior conviction for a felony drug offense has become final.

Here, the defendant's sentence was enhanced by statute, not by the guidelines. The recent amendment that the defendant bases this motion affected the Guidelines not 21 U.S.C. § 841, and this Court is without the authority to ignore the statutes that Congress enacts. Therefore, the defendant's motion to reduce his sentence based on a retroactive amendment to the guidelines is DENIED because his sentence was based on a statutory minimum.

IT IS THEREFORE SO ORDERED THAT THE defendant's motion be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October  29  , 2008

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**